ORTIZ, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Germán Denying Admission to Record of the Cancellation in Part of a Mortgage Securing Promissory Notes Payable to Order.

No. 184.—Decided August 1, 1914.

CANCELLATION OF MORTGAGE—PROMISSORY NOTE TO ORDER SECURED BY MORTGAGE—DESTRUCTION OR LOSS OF NOTE.—Pursuant to article 82 of the Mortgage Law, when a promissory note payable to bearer and secured by mortgage is lost and, by analogy, when the holder destroys it by mistake, legal proceedings must be had before a court of justice in order to prove said acts, and a certified copy of the judgment presented to the registrar of property in order that he may cancel the mortgage in so far as it secures the amount of the promissory note lost or destroyed.

The facts are stated in the opinion.
*Mr. Benito Forés* for the appellant.
Mr. Rafael B. Sama, the registrar, filed a brief *pro se.*
MR. JUSTICE HUTCHISON delivered the opinion of the court.
Appellant presented for record in the Registry of Prop-

erty of San Germán a notarial instrument purporting, among other things, the total cancellation of a mortgage given to secure nine promissory notes payable to order, eight of which were presented to the notary for cancellation and duly canceled by the latter, and containing the following explanatory clause as to the missing note:

"It being set forth by the creditor and debtor that the reason for not likewise exhibiting the note corresponding to the first instalment is that it was destroyed by the debtor in ignorance of the necessity of preserving the same; but assuring the same to have been wholly paid,"

The registrar's endorsement is as follows:

"Effected in part the cancellation of mortgage to which this document refers as regards the property of twenty-two *cuerdas* and the last eight instalments, at page 106 of volume 34 of this city, property No. 102, 3rd inscription; and cancellation denied as to the first instalment for want of the judicial decree as to the extinguishment of the correponding promissory note, as required by article 82 of the Mortgage Law, making instead the entry for 120 days, as provided by law, page and volume already cited. San Germán, April 14, 1914."

Article 82 of the Mortgage Law reads in part as follows:

"Article 82.—The records or cautionary notices made by virtue of a public document cannot be canceled except by final decree, from which there is no appeal in cassation pending, or by any other authenticated instrument or document, in which the person in whose favor the record or entry has been made, or his legal representative or attorney, signifies his consent to the cancellation  *  *  *.

"Records made to account for sums represented by negotiable instruments may be canceled through the presentation of a document executed by those who collected the debts, and from which it must appear that at the time (in the act) of its execution the negotiable instruments were canceled, or by a petition signed by these parties and the debtor, to which the instruments referred to will be attached, duly perforated. If some of them have been lost, there shall be presented with the document or petition a copy of the judi-

cial decree declaring their cancellation. The register must convince himself of the authenticity of the signatures and the identity of the persons who make the request.

"Records made to account for sums represented by instruments executed to bearer cannot be canceled if the extinction of all the secured obligations cannot be proven (shown upon the record), unless a copy of the judicial decree declaring the extinction of said obligations is presented   *   *   *."

The purpose of the law is too plain to require comment, and the language of the article quoted is too clear and explicit to require interpretation. In order that negotiable instruments may serve the purpose for which they are intended, the interests of the holders thereof must be properly protected. The purchaser of a promissory note secured by mortgage duly recorded must rest assured that when he comes to foreclose he will not find his mortgage canceled upon the record and his paper worthless through the connivance of the parties to the original transaction or otherwise. To this end the law specifically enumerates the several different methods by which, according to the peculiar circumstances of the particular case, cancellation of such encumbrances upon the record may be had and by necessary implication, at least so far as any case clearly falling within any one of the different classes provided for is concerned, excludes all others. The negotiable instruments must be presented for cancellation to the notary before whom the instrument cancelling the mortgage is executed and duly canceled at the same time, or they must be presented to the registrar together with a joint petition signed by both the debtor and the creditors to whom the money has been paid, showing upon their face that they have been canceled or, if they have been lost, the notarial instrument of cancellation or petition, as the case may be, must be accompanied by a proper copy of a judicial decree showing that the missing paper is no longer in force or effect. There is no suggestion of any judicial or quasi-judicial power upon the part of either the notary or the regis-

trar to determine this last-mentioned question and the requirement of a certified copy of a judicial decree deprives them of any such power as effectually as though the law contained an express prohibition in this regard.

Appellant insists, however, that the present case does not fall within the statute, because the document in question was not lost but was destroyed. The fact, if it be a fact, merely suggests a distinction without a difference. *Ubi eadem ratio ibi idem jus; et de similibus idem est judicium.* The notarial instrument, however, is evidence only that the parties thereto made a certain solemn statement; it does not determine the truth or falsity of such statement. That, as we have already suggested, is a question for judicial determination; the notary neither had jurisdiction to decide the matter nor does he make any finding in regard thereto.

The ruling of the registrar must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.